UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

In re:

PYRAMID EXCAVATION, INC.,　　　　　　　　　Case No. 10-40534-LMK
　　　　　　　　　　　　　　　　　　　　　　　Chapter 11 Case

　　　Debtor
_____/

## MOTION FOR RELIEF FROM STAY
### (Pursuant to 11 U.S.C. §362(d)(1))

TWIN ACTION PROPERTIES, INC., moves this Court for relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1), and Rule 4001(d) of the Federal Rules of Bankruptcy Procedure, and in support thereof, states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §157(b)(2)(G), 28 U.S.C. §1334 and 11 U.S.C. §362. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

### FACTUAL BACKGROUND

2. On May 28, 2010, the Debtor filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code.

3. Pyramid Excavation f/k/a Tim's Hauling and Tractor Service, Inc. ("Tim's Hauling"), and Twin Action Properties entered into an agreement for services and materials with respect to the construction of a retaining wall at the Killearn Lakes Plaza in Tallahassee, Florida.

4. That retaining wall failed, had to be removed and was replaced with another wall.

5. As a result of the failure of the wall, Twin Action Properties, Inc. brought suit against Synergy Earth Systems, LLC and Ardaman & Associates, Inc., among others, in the

Second Judicial Circuit in and for Leon County Florida (*Twin Action Properties, Inc. v. Synergy Earth Systems, LLC, et al.*, Case No. 06 CA 886). That case remains pending.

6. Tim's Hauling was made a third party defendant in that action because of its role as the supplier of backfill and tractor services. In order to avoid the running of the statute of limitations against potential claims by Twin Action Properties against Tim's Hauling, Twin Action Properties and Tim's Hauling entered into a tolling agreement to allow Twin Action Properties to delay bringing suit against Tim's Hauling until such time as it deemed such a suit was appropriate irrespective of the statute of limitations that might otherwise apply to such claims.

7. With Tim's Hauling's filing of their petition for bankruptcy, Twin Action Properties believes it would be appropriate at this time to bring suit directly against Tim's Hauling, specifically to ensure the availability of insurance coverage that might be afforded to Tim's Hauling for its actions with respect to the failed retaining wall.

8. Twin Action Properties seek relief from the stay only to the extent necessary to sustain recovery against its insurer, not against Tim's Hauling, the debtor-insured, directly. "[D]ebtors-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors." *In re Ferstorm Storage and Van Co.*, 938 F.2d 731, 736 (7th Cir. 1991). As the Bankruptcy Court has explained:

> The overriding question when determining whether insurance proceeds are property of the estate is whether the debtor would have a right to receive and keep those proceeds when the insurer paid on the claim. When a payment by an insurer cannot inure to the debtor's pecuniary benefit, then that payment should neither enhance nor decrease the bankruptcy estate.

*In re Scott Wetzel Services, Inc.*, 243 B.R. 802, 804 (Bankr., M.D. Fla. 1999).

9. Bankruptcy Code 11 U.S.C. §362(d)(1) provides, in pertinent part, that on the request of a party in interest, the court may lift the automatic stay for cause. Twin Action Properties is entitled to a relief from stay for cause based upon the fact that Debtor has no equity in the insurance proceeds; and that Debtor's bankruptcy should not frustrate the efforts of Twin Action Properties in asserting a claim and obtaining a judgment for damages and collecting from Debtor's insurance.

10. Counsel for Twin Action Properties has conferred with counsel for the Debtor and the Assistant U.S. Trustee who have both confirmed that they have no objection to the lifting of the stay to permit Twin Action Properties to proceed with filing a complaint against Debtor to obtain a judgment that will be enforced against Debtor's insurance policy.

WHEREFORE, Twin Action Properties, Inc. respectfully requests this Court to grant its Motion for Relief from the Automatic Stay, nunc pro tunc to the petition date, to allow Twin Action Properties, Inc. to proceed against available insurance coverage, and any further relief as this Court deems just and equitable.

Dated: June 22, 2010

/s/ *Martin A. Fitzpatrick*
MARTIN A. FITZPATRICK, P.A.
Florida Bar No. 0032107
RUSSELL B. BUCHANAN
Florida Bar No. 0055474
BROAD AND CASSEL
Attorneys for Creditor Twin Action Properties
215 South Monroe Street, Suite 400
Tallahassee, Florida 32301
Phone: 850.681.6810
Fax: 850.201.2275

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court, and served on all interested parties who have made an appearance, by using the CM/ECF system this 22nd day of June, 2010.

/s/ *Russell B. Buchanan*
Attorney