IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:

PYRAMID EXCAVATION, INC.　　　　　　　　　　Case No. 10-40534-LMK
　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 11
　　　　Debtor.
_____/

**FIRST AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES TO AUSLEY & MCMULLEN, BANKRUPTCY ATTORNEYS FOR OVERSECURED CREDITOR, CAPITAL CITY BANK, PURSUANT TO 11 U.S.C. 506(b)**

Comes now, the law firm of Ausley & McMullen, hereinafter "Attorneys", as bankruptcy counsel for the oversecured creditor, CAPITAL CITY BANK, hereinafter "Bank", pursuant to 11 U.S.C. 506(b), Rule 2016, Federal Rules of Bankruptcy Procedure, and N.D. Fla. LBR 2016-1, and respectfully applies to this Court for the allowance of compensation, and the reimbursement of expenses, and says:

I. INTRODUCTION

1.　　On May 28, 2010, Debtor filed with this Court a petition for relief under Chapter 11 of the Bankruptcy Code, and, shortly thereafter, Attorneys were employed to represent Bank in these proceedings and to protect its interests.

2.　　On May 28, 2010, the date of the filing of the petition on this Chapter 11 bankruptcy proceeding, the Debtor had three (3) secured loans at the Bank. The total outstanding balance due at that time was $225,055.48, and the total value of the Bank's collateral was $298,207.00. The pertinent information on each loan is as follows:

　　　a.　　Loan number XXXXXX8050 evidenced by a note dated February 23, 2009 which was secured by a 2007 Peterbilt truck (VIN IXP5DB9X47N675710). The balance

1

due to the Bank at the time of the filing of this case was $33,758.30. Based upon the appraisal obtained by the Debtor shortly after the filing of this case, this Peterbilt truck had a value of $39,500.00.

    b.  Loan number XXXXXX5550 evidenced by a note dated December 7, 2009, which was secured by a 2008 Honda pickup truck (VIN 2HJYK16550H539688), a 1999 Font trailer (VIN 4LF455130X3507738), a 2004 Barco trailer (VIN 1B9DS372B4P313001), and a 1992 Ford pickup truck (VIN 1FDXX74C2NVA3350). The balance due to the Bank at the time of the filing of this case was $24,424.39. Based upon the appraisal obtained by the Debtor shortly after the filing of this case, the Honda pickup truck, the 1999 Font trailer, the 2004 Barco trailer, and the 1992 Ford pickup truck had a combined value of $36,550.00.

    c.  Loan number XXXXXX0450 evidenced by a promissory note dated December 9, 2005 which was secured by a recorded mortgage of that same date on thirteen (13) acres on Highway 27 North in Havana, Gadsden County, Florida. The balance due to the Bank at the time of the filing of this was $166,872.79. Based upon the 2009 appraisal prepared by Clay Van Landingham, the Gadsden County Property Appraiser, the thirteen (13) acres in Gadsden County, Florida had a value of $222,157.00.

    d.  All of the documents referenced herein are attached to the allowed claim of the Bank [Claim No. 36-1] and incorporated herein by reference.

  3.  Attorneys make this application under Section 506(b) of the Bankruptcy Code, and seek an allowance of reasonable compensation for the professional services which they have rendered, and for reimbursement of the actual and necessary expenses which they have incurred in connection therewith.

4. In June, 2010, Ausley & McMullen was retained as bankruptcy counsel in this case, and billed Bank $6,052.50 in fees and expenses from June, 2010 through the conclusion of this case, which amounts have been paid by Bank. Copies of the invoices from Ausley & McMullen to Bank are attached hereto as Composite Exhibit "A" and by reference made a part hereof.

5. Attorneys, therefore, seek an allowance of compensation and reimbursement of expenses in the aggregate amount of $6,280.62 from the beginning through the end of the case.

## II. ALLOWANCE OF COMPENSATION

### A. The Quality, Contributions, and Results Achieved by the Applicant

6. Attorneys submit that they are entitled to compensation from the estate due to the fact that Bank is an oversecured creditor in these bankruptcy proceedings. The professional services rendered by Attorneys have required the expenditure of a moderate amount of time and effort. Through confirmation, approximately 27 recorded hours will have been devoted to this case by James M. Donohue, shareholder, who billed his time at $225.00/hour (detailed time records are appended as Composite Exhibit "A".) Attorneys have been paid by Bank.

Under the Bankruptcy Code, it is clear that the compensation a law firm would receive in matters other than a bankruptcy case is a relevant standard for fixing the amount of compensation allowed in a Chapter 11 case. For this reason, it should be noted that the allowance sought in this application represents less than Attorneys would charge, and, in fact have charged, other clients for the same professional services. Accordingly, the allowance here sought by Attorneys in the amount of $6,280.62 is reasonable in light of compensation for comparable services other than compensation allowed in a bankruptcy case. The services rendered required an expertise in the area of construction, as well as bankruptcy law.

3

7. The professional services required in this Chapter 11 case, and described in this application, were performed by an attorney who has broad expertise and skills in the areas in which he rendered services.

8. The professional services rendered by Attorneys have demanded a high degree of professional competence. The professional services rendered by them represent services required in an organized and cooperative approach to the problems encountered in this case.

9. This Court has previously held that it is bound to abide by Rule 2016, Federal Rules of Bankruptcy Procedure, as well as the factors outlined by *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714, 717-719 (5th Cir. 1974), and the extension of that case to the bankruptcy arena by *In re First Colonial Corp. of America*, 544 F. 2d 1291, 1300 (5th Cir. 1977). When the *Johnson* factors are considered, Attorneys would represent to the Court as follows:

    a. that the time and labor expended by Attorneys is reasonable as indicated in the detail billings contained in Composite Exhibit "A".

    b. that this Chapter 11 bankruptcy proceeding did contain several novel issues.

    c. that Attorneys possess the requisite business and bankruptcy skill required to perform the legal services rendered in this case.

    d. that attorneys were not required to preclude any other employment due to the representation of this client as seen by the number of hours expended over the term of this case.

    e. that Attorneys charged their customary rate, or less, for services rendered.

    f. that an hourly rate was billed in this case.

g.  that time limitations were generally not a factor in this case (see paragraph 9(d) above).

h.  that Attorneys worked with Debtor and its attorney throughout the case, including the use of cash collateral, in an effort to reach a satisfactory result with regard to the confirmation of a plan.

i.  that Attorneys have the requisite experience, reputation and ability in their respective areas of the law.

j.  that the desirability or undesirability of this case was not a factor.

k.  that Ausley & McMullen has represented Bank for many years and in numerous Chapter 11 bankruptcy proceedings.

l.  that it is the understanding of Attorneys that the hourly rates charged in this case are well within awards made by this Court in similar cases.

B. Actual and Necessary Disbursements

10. The amounts which Attorneys have disbursed for actual and necessary expenses incurred in the rendition of professional services referenced herein are detailed in the Composite Exhibit "A" which is attached hereto. These disbursements represent only those incurred in rendering the professional services for which compensation is sought, and do not include any disbursements made for the sole benefit of Bank. These disbursements are in the amount of $228.12.

WHEREFORE, the law firm of Ausley & McMullen respectfully requests that they be allowed the sum of $6,052.50 as reasonable compensation for professional services rendered as bankruptcy counsel for the oversecured creditor, CAPITAL CITY BANK, and for reimbursement of actual and necessary disbursements in the amount of $228.12, for a total of

$6,280.62, that said amount be added to the outstanding balance due to Bank by virtue of its allowed claim secured by real estate in this case, and that it be granted such other further relief as is just.

DATED this 9th day of March, 2011.

*[signature]*

James M. Donohue
Florida Bar No.: 191819
Ausley & McMullen
123 South Calhoun Street
Post Office Box 391
Tallahassee, FL 32302
(850)224-9115
Facsimile No.: (850) 222-7560
jdonohue@ausley.com

ATTORNEYS FOR
CAPITAL CITY BANK

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing and the referenced exhibits thereto have been furnished electronically via the CM/ECF System to those registered thereto in the above-styled bankruptcy proceeding on this 9th day of March, 2011.

*[signature]*

James M. Donohue, Attorney

h:\jmd\ccb\pyramid excav\pleadings\fees - app - 2011-03-09.doc