UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

In re:                                                                      Case No.: 10-40534-LMK

PYRAMID EXCAVATION, INC.,                                  Chapter 11

Debtor.
_____/

**FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES TO BROAD AND CASSEL**

Comes Now, Broad and Cassel (B&C), as attorneys for oversecured creditor ProBank, pursuant to 11 U.S.C. 506(b), Fed. R. Bankr. P. 2016, and N.D. Bankr. Loc. R. 2016-1, and respectfully ask this Court for the allowance of compensation and for the reimbursement of expenses, and as grounds therefore would show:

1. On May 28, 2010, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Immediately thereafter, B&C was hired to represent ProBank in these proceedings.

2. In connection with the various secured loans known to Debtor as XXX3009, XXX3013, and XXX100, more particularly described in ProBank's Proof of Claim and the loan documents attached thereto (Claim # 28-1), ProBank possessed a secured claim of $1,935,958.11.

3. ProBank is by far and away the largest secured creditor in this case, whose claim value is nearly eight times larger than the next biggest secured creditor. ProBank's has liens on, among other items, the real property from which Debtor's operations are based, as well as the contents of the sand and clay pits which Debtor uses for raw materials in his construction

business. Consequently, ProBank is oversecured, and the ongoing use of the real property was integral to the Debtor's successful reorganization.

4. ProBank's treatment under the Plan is unimpaired, as that term is defined in the Bankruptcy Code, and is to be paid pursuant to the Contract under the Plan.

5. B&C makes this application for reasonable compensation for professional services rendered and expenses incurred, pursuant to 11 U.S.C. §506(b) of the U.S. Bankruptcy Code.

6. B&C seeks an allowance of reasonable compensation and expenses in the total amount of $19,251.96, for all time expended and expenses incurred from the beginning to the end of this case. Copies of invoices for B&C's professional services and expenses are attached hereto as **Composite Exhibit A**.

7. B&C is entitled to compensation and reimbursement from the estate since ProBank is an oversecured creditor in these bankruptcy proceedings. The professional services rendered by B&C have required significant professional skill and the expenditure of a moderate amount of time. Through the confirmation of the plan, approximately 76 recorded hours have been devoted to this case by B&C attorneys and paralegals, whose billing rates were as follows:

Roy Kobert- $440/hr

Martin Fitzpatrick- $235/hr

Joe Jones- $225/hr

Doug Goldin- $210/hr

Russell Buchanan- $200/hr

Maria Ubieta- $100/hr

Lisa VanderWeide- $195/hr

8. Under the Bankruptcy Code compensation that a law firm would receive in matters outside of bankruptcy is a benchmark for determining compensation in a Chapter 11 case. The compensation sought in this application represents less than B&C would typically charge, and has previously charged other clients for the same professional services.

9. The professional services rendered in this case required an expertise not only in bankruptcy law, but also in commercial lending practices, negotiable instruments, and insurance.

10. The professional services which were required in this Chapter 11 case, and described herein, were performed by professionals who have broad expertise and skills in the areas which necessitated attention in this matter. Due in part to the efforts and coordination between Debtor's attorney and B&C, and despite difficulties associated with certain novel issues in the case, Debtor was able to successfully operate the business during the reorganization time period, without interruption.

11. This Circuit follows Fed. R. Bankr. P. 2016. *See, e.g., United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 108 S. Ct. 626, 98 L.Ed. 740 (1988); *United States of Ron Par Enterprises, Inc.*, 489 U.S. 235, 109 S. Ct. 1026, and 103 L.Ed. 290 (1989) *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714, 717-719 (5th Cir. 1974); *In re First Colonial Corp. of America*, 544 F. 2d 1291, 1300 (5th Cir. 1977). The factors discussed by the *Johnson* Court are present in this case, and justify an award of reasonable compensation and expenses as sought by this petition, to wit:

a. The time and labor expended by B&C were reasonable as indicated in the detailed billings attached hereto as **Composite Exhibit A**.

b. This Chapter 11 bankruptcy proceeding contained several novel issues, including but not limited to problems related to the possible revocation and renewal of a standby letter of

credit, issues with respect to contingent liabilities of the debtor, and issues related to post-petition payments without the existence of an order of adequate protection.

c. That B&C possesses the business, legal, and bankruptcy skills necessary to perform the services it rendered in this case.

d. That B&C was not required to preclude any other employment due to their representation in this matter.

e. That B&C charged their customary hourly rates or less, for the services which they provided.

f. That an hourly rate was in fact billed, which ProBank is obligated to pay.

g. That time limitations were not generally a factor in this representation.

h. That B&C worked with Debtor and its attorney throughout the case, on both routine and novel issues, including issues related to adequate protection matters and issues involving letters of credit, in an attempt to reach a satisfactory result that would result in the confirmation of Debtor's plan of reorganization and Debtor's viable emergence from these proceedings.

i. That B&C has represented ProBank in various bankruptcy proceedings.

j. That B&C believes that the hourly rates charged in this case are in line with awards of reasonable attorneys' fee awards made by this Court in similar cases.

12. The amounts of attorneys fees sought, which are detailed in **Composite Exhibit A**, represent only fees which were incurred in connection with this case, and do not include any fees or disbursements which were made solely for the benefit of ProBank. Any fees and expenses which would fall into that category are not being sought.

13. Pursuant to 11 U.S.C. §506(b), the holder of an oversecured claim is entitled to post-petition interest, as well as any reasonable fees, costs and charges provided for under the

contract that gives rise to the oversecured creditor's claim. *United States of Ron Par Enterprises, Inc.,* 489 U.S. 235, 109 S. Ct. 1026, and 103 L.Ed. 290 (1989).

14. This application represents the first and final application for compensation and expenses by B&C on behalf of ProBank.

WHEREFORE, Broad and Cassel requests that they be allowed the sum of $19,251.96 as reasonable compensation for professional services rendered to ProBank, and for actual expenses/disbursements in the amount of $13.96, for a total of $19,251.96, and that said amount be added to the outstanding balance due to ProBank by virtue of its allowed secured claim, and that this court grant such other relief as may be just and proper in the circumstances.

Respectfully submitted this 9th day of March, 2011.

/s/ Russell B. Buchanan
RUSSELL B. BUCHANAN
Fla. Bar No. 0055474
rbuchanan@broadandcassel.com
BROAD AND CASSEL
215 S. Monroe Street
Suite 400
PO Drawer 11300 (32302)
Tallahassee, FL 32301
Attorneys for Creditor, PROBANK

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court, and served on all interested parties who have made an appearance, by using the CM/ECF system this 9th day of March, 2011.

/s Russell B. Buchanan
Attorney